UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DIANNE HAYTHAM, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cv-1471 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| DAVID BUECHE, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Malikah Stevenson filed this lawsuit on behalf of her mother, Dianne Haytham. Stevenson is not an attorney. The court permitted Plaintiff Dianne Haytham to proceed without payment of the filing fee. The Magistrate Judge then reviewed the complaint and issued a report recommending the court give Plaintiff time to find an attorney or dismiss the lawsuit (ECF No. 6 R&R). Plaintiff filed objections (ECF No. 7) and an amended complaint (ECF No. 8). The court will adopt the R&R.

Stevenson purports to act on her mother's behalf through a statutory Power of Attorney. Stevenson filed documents establishing that authority with both the initial and the amended complaint. But Stevenson is not a licensed attorney. The power of attorney document merely allows Stevenson to make legally binding decisions for her mother; the power of attorney document does not grant Stevenson a license to practice law.

The Magistrate Judge made the factual finding that Stevenson was not a licensed attorney. The Magistrate Judge made the legal finding that non-lawyers, even those with a power of attorney, cannot represent another individual in a lawsuit in federal court. The

Magistrate Judge recommends that the court give Plaintiff 30 days to have an attorney file an appearance. If no attorney files an appearance, the Magistrate Judge recommends dismissing the lawsuit without prejudice.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Stevenson's objections do not address the relevant finding of fact, the finding of law or the recommendation. The amended complaint suffers from the same deficiencies as the initial complaint; Stevenson cannot file the complaint on her mother's behalf, even with a power of attorney. *See Khatri Estate v. Dearborn Pub. Schs.*, No. 4:23cv12930, 2025 WL 2427196, at *9 (E.D. Mich. July 31, 2025) (collecting cases); *Brown v. Bobbett*, No. 20-1278, 2021 WL 9823335, at *1 (W.D. Tenn. Mar. 16, 2021) (collecting cases). By statute, Congress permits individuals to litigate their own cases in federal court either personally or through counsel. 28 U.S.C. § 1654.

The court **ADOPTS** the R&R (ECF No. 6). Because Stevenson cannot represent her mother in this lawsuit, the court provides Plaintiff Haytham 30 days from the date of this order to have a licensed attorney file an appearance on her behalf. Based on Stevenson's representations, Hatham might not be able to represent herself. If no attorney files an

appearance, the court will dismiss this lawsuit without prejudice. A dismissal without prejudice would not resolve the merits of the claims in favor or against Haytham.

**IT IS SO ORDERED.**

Date:   December 12, 2025                                                /s/  Paul L. Maloney
                                                                                                                           Paul L. Maloney
                                                                                                                            United States District Judge